RALPH TERRY, an Infant, by JAMES TERRY, His Guardian ad Litem, Respondent, v. RAYMOND GREEN, Appellant. JAMES TERRY, Respondent, v. RAYMOND GREEN, Appellant.— Appeal from two judgments in negligence actions. The point raised by the appellant is that the plaintiffs were guilty of contributory negligence as a matter of law, and that the defendant was free from negligence. The evidence presented questions of fact, and [those questions] were properly submitted to the jury, which has found for the plaintiffs. Judgments and orders unanimously affirmed, with costs in one action. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND SEYMOUR, Relator, Appellant, v. V. C. BRANHAM, Superintendent, Woodbourne Institution for Defective Delinquents, Woodbourne, N. Y., Respondent.— Relator has appealed from an order of the Sullivan Special Term of the Supreme Court dismissing his application for a writ of habeas corpus and denying his motion for a peremptory mandamus order. Relator was convicted of the crime of manslaughter in the first degree on March 28, 1924, and sentenced to a term of twelve years' imprisonment. He was received in prison on April 3, 1924. On December 4, 1928, he was again convicted for the crime of unlawful escape and sentenced to a term of imprisonment of two years. He served about ten years of his total sentence of fourteen years and on June 2, 1934, he was paroled subject to the jurisdiction of the Parole Board. One of the conditions of his parole was that in the event he committed a felony while on parole he should be compelled to serve the entire commuted portion of his original sentence in addition to the term imposed for the later crime. At the time of his parole he owed three years, six months and eighteen days on the fourteen years' imprisonment. The maximum of his original fourteen years' imprisonment expired on December 21, 1937. Subsequent to his release on parole and while still on parole and on September 7, 1935, he committed the crime of burglary in the third degree for which he was indicted and subsequently and on October 3, 1935, convicted and sentenced to imprisonment for a term of ten years. After he was received in prison he was charged with the three years, six months and eighteen days which he owed on the original commitment. Relator now contends that he cannot be made to serve the period of three years, six months and eighteen days on his original term. He makes the further contention that his original terms completely expired before the commission of the later felony. The Special Term ruled against him and he has appealed from that order. Order unanimously affirmed. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

(September 29, 1938.)

In the Matter of the Claim of LARRY ABBATE, Appellant, against ACME BARBER SHOP and CENTURY INDEMNITY INSURANCE CO., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion granted, and the State Industrial Board is directed to accept appellant's notice of appeal, with ten dollars costs to the appellant against the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.