THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH J. DE SANTIS, Appellant.

Argued November 25, 1952; decided January 21, 1953.

*Harry G. Anderson* for appellant. I. The evidence adduced by the People was wholly circumstantial and insufficient, as a matter of law, to establish appellant's guilt. (*People* v. *Taddio,* 292 N. Y. 488; *People* v. *Weiss,* 290 N. Y. 160; *People* v. *Cooperman,* 279 N. Y. 599; *People* v. *Galbo,* 218 N. Y. 283; *People* v. *Razezicz,* 206 N. Y. 249; *People* v. *Orr,* 270 N. Y. 193; *People* v. *Woltering,* 275 N. Y. 51.) II. It was reversible error to permit the inclusion in the indictment of an allegation that appellant had been previously convicted of a felony and to permit proof thereof upon the trial. (*People* v. *Gowasky,* 244 N. Y. 451; *People* v. *Sickles,* 156 N. Y. 541; *People* v. *Rosen,* 208 N. Y. 169; *People* v. *Reese,* 258 N. Y. 89; *People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151; *People* v. *Brennan,* 229 App. Div. 378; *People v. Schaller,* 224 App. Div. 3; *People ex rel. Marlowe* v. *Martin,* 192 Misc. 192; *People* v. *Wicklem,* 183 Misc. 639; *People* v. *La Sasso,* 182 Misc. 538; *People* v. *O'Donnell,* 177 Misc. 562.) III. The jury having acquitted appellant of larceny, as charged in the second count of the indictment, the conviction for burglary cannot be sustained. (*Guenther* v. *People,* 24 N. Y. 100; *People* v. *Dowling,* 84 N. Y. 478; *People* v. *Kelley,* 253 App. Div. 430.)

*Frank A. Gulotta, District Attorney* (*Henry P. De Vine* of counsel), for respondent. I. The evidence establishes the guilt of defendant as a matter of law. (*People* v. *Jones,* 257 App. Div. 5.) II. An indictment which, on its face, charges a defendant with a prior felony conviction is legal and valid, and under such indictment the People may prove as a part of their case such prior felony conviction. (*People* v. *Gowasky,* 244 N. Y. 451; *People ex rel. Smith* v. *Hunt,* 257 App. Div. 457; *People ex rel. Williams* v. *Jackson,* 272 App. Div. 859; *People ex rel. Jablonowski* v. *Jackson,* 272 App. Div. 989; *People* v. *Van Allen,* 275 App. Div. 181; *People* v. *Brennan,* 229 App. Div. 378; *People* v. *Sickles,* 156 N. Y. 541; *Matter of Reichel* v. *Moore,* 158 Misc. 301; *Matter of Dodd* v. *Martin,* 248 N. Y. 394; *People* v. *Reese,* 258 N. Y. 89; *People ex rel. Wisniewski* v. *Hunt,* 36 F. Supp. 774.) III. The conviction for burglary in the third degree does not necessarily have to be reversed because defendant was acquitted of grand larceny in the first degree. (*Guenther* v. *People,* 24 N. Y. 100; *People* v. *Dowling,* 84 N. Y. 478; *People* v. *Kelley,* 253 App. Div. 430; *People* v. *Rockower,* 266 App. Div. 781, 292 N. Y. 655; *People* v. *Haupt,* 247 N. Y. 369.)

FROESSEL, J. We are all satisfied that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt, and that the verdict was not inconsistent.

It was not reversible error to include in the indictment allegations charging defendant as a prior offender, and to receive proof therof at the trial. This has long been the settled practice in this State (*Johnson* v. *People,* 55 N. Y. 512; *People* v. *Sickles,* 156 N. Y. 541; *People* v. *Gowasky,* 244 N. Y. 451), and countless convictions were based on such indictments. The Legislature has not prohibited this practice by its enactment in 1926 of section 1943 of the Penal Law (L. 1926, ch. 457). That statute, so far as pertinent herein, provided: " If at any time, *either after sentence or conviction,* it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section nineteen hundred and forty-one or nineteen hundred and forty-two, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions." (Emphasis supplied.)

The Joint Legislative Committee on the Co-ordination of Civil and Criminal Practice Acts, popularly known as the Baumes Committee, recommended this legislation. In its 1926 report (N. Y. Legis. Doc., 1926, No. 84, p. 22), it said: *"Resentencing of Second Offenders.* There are times when a defendant is found guilty of the offense for which he has been tried without its being known by the prosecuting officers or the court that it is the second criminal offense of which he is guilty. Perhaps the facts were not known when the indictment was drawn. * * * Society should be protected and the criminal receive his just dues. We approve the suggestion that provides for the court sending for such a prisoner and resentencing him in accordance with his new found criminal history and recommend appropriate, carefully prepared legislation." It is clear that the purpose of this legislation was to make it mandatory upon the prosecutor, when a defendant has not been indicted as a prior offender, to file an information "either after sentence or conviction" accusing him of the previous conviction. It was aimed at proper punishment of those multiple offenders whose previous convictions were unknown to prosecuting authorities at the time indictments were drawn. There is no indication whatsoever that the Legislature intended to outlaw the previous practice; section 1943 is an addition to, rather than an abolition of, pre-existing procedure. So it has been held by us in *People* v. *Zeiler* (243 App. Div. 542, affd. 268 N. Y. 582) following *People* v. *Gowasky* (244 N. Y. 451, *supra*); (see, also, *People* v. *Reese,* 258 N. Y. 89, 101; *Matter of Dodd* v. *Martin,* 248 N. Y. 394, 397). If the long-standing practice complained of is to be abolished, it must be accomplished by legislative enactment and not by judicial decision.

The judgment should be affirmed.

FULD, J. (dissenting). Patently unfair, unquestionably prejudicial, the practice of charging a defendant as a prior felony offender in the indictment and permitting proof thereof at the trial, should be condemned and outlawed. Before 1926, that procedure was upheld as proper and necessary, but that, it seems to me, was because, absent pertinent regulatory legislation, it was the only method by which the more severe punishment provided for recidivists could be imposed. (See *People* v. *Sickles,*

156 N. Y. 541.)   When, however, section 1943 was written into the Penal Law in 1926, expressly authorizing a district attorney to proceed against a person as a second or fourth felony offender by filing an information accusing him of such previous convictions, the legislature thereby provided a new and exclusive method of enforcing the provisions of sections 1941 and 1942. Not alone the 1926 enactment, but protection of the rights of the accused and a regard for essential concepts of fairness, call upon us to hold that the district attorney should employ the procedure prescribed in section 1943, and no other.

While the opinion in *People* v. *Gowasky* (244 N. Y. 451, 460) contains the statement that the " old practice is still permissible ", and while that statement is quoted in one other opinion (*Matter of Dodd* v. *Martin,* 248 N. Y. 394, 397; see, also, *People* v. *Reese,* 258 N. Y. 89, 101), it may not be regarded as announcing the law of this state, for in no one of those cases was that question presented.   As we have frequently declared, " No opinion is an authority beyond the point actually decided, and no judge can write freely if every sentence is to be taken as a rule of law separate from its association." (*Dougherty* v. *Equitable Life Assur. Soc.,* 266 N. Y. 71, 88; see, also, *People* v. *Olah,* 300 N. Y. 96, 101; Cardozo, The Nature of the Judicial Process, pp. 29–30.)

I would reverse the judgment of conviction.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur with FROESSEL, J.; FULD, J., dissents in opinion.

Judgment affirmed.