George D. Ogden, J.
On December 14,1942, defendant pleaded guilty to an indictment accusing him of forgery, second degree, whereupon the court appointed December 26, 1942, for pronouncing judgment. On said December 26 an information was read to the defendant charging him with having been previously convicted of a felony within the meaning of section 1941 of the Penal Law; defendant admitted being the same person so convicted and was thereupon immediately sentenced to imprisonment in State prison. Defendant now contends that the imposition *699 of sentence immediately following his admission of a prior felony conviction, without waiting at least two days after such admission, violates sections 471 and 472 of the Code of Criminal Procedure, and that the sentence imposed is, therefore, illegal.
Sections 471 and 472 provide, in substance, that after a plea of guilty by a defendant the court must appoint a time for pronouncing judgment, which time must be at least two days after the finding of guilty, unless the court does not intend to remain in session so long, and unless any delay be waived by the defendant. Section 1943 of the Penal Law provides that if at any time, either after sentence or conviction, it appears that a person convicted of a felony has previously been convicted of certain crimes, it shall be the duty of the District Attorney to file an information so accusing the defendant, and that the court shall ascertain whether the defendant has, in fact, been previously convicted of a felony. As was stated in People v. Dacey (166 Misc. 827, 829):
“ The entire proceeding under this information is an aid to the court to determine what sentence to impose upon the defendant. * * *
“ The punishment is for the new crime only, but is heavier if he is an habitual criminal. The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only.”
(See, also, People v. De Santis, 305 N. Y. 44, 47; People v. Caruso, 249 N. Y. 302, 306; People v. Gowasky, 244 N. Y. 451, 460.)
In my opinion, the procedure followed in the case at bar was proper. By being accused of having theretofore been convicted of a felony defendant was not accused of a new crime, and the information obtained through the procedure followed was only to aid the court in determining what sentence to impose.
Defendant’s motion is, in all respects, denied.
Submit order.