Samuel S. Leibowitz, J.
Motion for resentence as a first felony offender. In March of 1946 the defendant received a suspended sentence upon conviction of a felony. In 1950 he was again convicted of a felony. An information was filed by the District Attorney (Penal Law, § 1943) and defendant was thereupon adjudged a second felony offender and sentenced *1033 accordingly. His contention is that he was, in law, a first felony offender because his prior conviction resulted in a suspended sentence and a conviction followed by a suspended sentence is not a basis for second offender adjudication. He petitions this court to resentence him as a first offender.
Defendant’s application is well founded and he is entitled to the relief he seeks.
‘ ‘ Where there is a conviction but sentence has been suspended, there is no judgment for the sentence is the judgment ’ ’. (People v. Shaw, 1 N Y 2d 30, 32 and cases cited therein.)
However, to make him amenable to punishment as a second offender, section 470-b of the Code of Criminal Procedure was enacted in 1893 (L. 1893, ch. 651, as amd.) which provides in part as follows: ‘ ‘ For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact.”
In 1907 section 1942 of the Penal Law was enacted (L. 1907, ch. 645, as amd.). The portion of this statute pertinent to the problem here reads as follows: “A person to be punishable under this ” (punishment for fourth offenders) “ and the preceding section ” (Penal Law, § 1941, dealing with punishment of second and third offenders) “ need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section ” (i.e., Penal Law, § 1943 which permits the filing of an information after conviction and or sentence).
The Code of Criminal Procedure (§ 470-b) provides that upon “ indictment and conviction of a second offense ” a suspended sentence should be reckoned as a prior conviction, i.e., as a final judgment. The question which this court must answer, therefore, is: Did the enactment of section 1942 of the Penal Law, quoted above, repeal section 470-b of the Code of Criminal Procedure? The answer to that question is in the negative (Penal Law, § 2500; Matter of Dodd v. Martin, 248 N. Y. 394).
Were we to hold to the contrary, the case law prior to 1893, when section 470-b of the Code of Criminal Procedure was enacted, would still be controlling and a suspended sentence would not be a valid basis for second offender adjudication. It is to section 470-b of the Code of Criminal Procedure, therefore, that we must look for the validation of a suspended sentence as ground for an adjudication of one as a second offender.
*1034 Section 470-b of the Code of Criminal Procedure is not inconsistent with section 1942 of the Penal Law. The latter statute encompasses cases where a sentence has been imposed. In such cases the district attorney may proceed by way of indictment of the defendant as a second or third offender, as the case may be (People v. De Santis, 305 N. Y. 44) or may proceed against him by way of information as provided in section 1943 of the Penal Law.
However, where the prior offense resulted in a suspended sentence, the district attorney must comply with the provisions of section 470-b of the Code of Criminal Procedure, i.e., the accused must be ‘ ‘ indicted and convicted ” as a second offender and the district attorney is not privileged to proceed by way of information under section 1943 of the Penal Law. The provisions of this section have been held to be “ expressly limited ” by. its terms (People ex rel. Marcley v. Lawes, 254 N. Y. 249).
Certainly, the technicalities involved may be labeled as unrealistic and illogical. However, the remedy lies with the Legislature. If it were the intention of the Legislature to repeal section 470-b of the Code of Criminal Procedure, it had it within its power to so do. It could have plainly stated in section 1942 of the Penal Law that a suspended sentence would be reckoned as a basis for second offender adjudication and that the district attorney could proceed against the defendant under section 1943 of the Penal Law, i.e., by way of information.
The defendant, therefore, must be resentenced as a first felony offender. An order will be entered directing the Commissioner of Correction to return the defendant from the. prison where he is now incarcerated to this court for resentence on a date to be fixed in the order.