Archibald C. Wemple, J.
In May, 1940 petitioner was convicted of grand larceny in the second degree and imposition of sentence of two and one-half years to five years was suspended and he was placed on probation for five years. In June, 1954 petitioner pleaded guilty to another charge of grand larceny, second degree, and the District Attorney filed an information charging petitioner with being a second offender and he was sentenced accordingly.
Petitioner now contends that he should not have been sentenced as a second offender by reason of the fact that his previous conviction resulted in a suspended sentence. The same application on the same grounds was made in June of this year and at that time the petitioner relied on the case of People v. Shaw (1 N Y 2d 30). This court denied that application and the petitioner now relies on the same case again and also People v. Hunter (3 Misc 2d 1032). This court is of the opinion that the case of People v. Hunter (supra) is not controlling.
Subdivision 1 of section 470-b of the Code of Criminal Procedure provides as follows: ‘1 For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact. ’ ’
Section 1942 of the Penal Law provides in part as follows: “ A person to be punishable under this ” (punishment for fourth offenders) “ and the preceding section” (Penal Law, § 1941, dealing with punishment of second and third offenders) “ need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section ’ ’ *1085 (i.e., Penal Law, § 1943 which permits the filing of an information after conviction and/or sentence).
The question here presented is whether petitioner should have been proceeded against by indictment or merely by way of information in order to properly convict him as a second offender. In other words, does the enactment of sections 1942 and 1943 of the Penal Law provide the District Attorney with an additional procedural device in order to convict as a second offender?
This court is of the opinion that the District Attorney proceeded properly in this case and that sections 1942 and 1943 of the Penal Law supplement subdivision 1 of section 470-b of the Code of Criminal Procedure by giving the District Attorney the additional means of proving a defendant to be a second offender.
However, this court is in agreement with the learned Judge in People v. Hunter (supra) that the Legislature, by unambiguous legislation, should clear up all misunderstanding that has resulted from the apparent conflict of meaning in these sections of the code.
The petition is therefore denied. Submit order.