■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CHARLES HUNTER, Respondent.— On April 13, 1950 respondent and two others were indicted by the Kings County Grand Jury for first degree robbery (respondent being armed) and for two other crimes. On April 19, 1950 respondent pleaded guilty to the armed robbery count. On April 26, 1950 an information was filed charging respondent with a prior felony conviction, as to which execution of sentence had been suspended. On May 15, 1950 respondent admitted his identity and the prior conviction. He was thereupon adjudged to be a second felony offender and sentenced to a term of 30 to 60 years. In July, 1956 respondent moved to vacate the judgment on an application in the nature of a writ of error *coram nobis*. By order dated October 8, 1956 the application was granted to the extent of directing that respondent be resentenced. On October 22, 1956 respondent was adjudged to be a first felony offender and was sentenced to a term of 15 to 30 years. The ground on which the original judgment of conviction as a second offender was vacated was that it is improper to proceed by way of information under sections 1941, 1942 and 1943 of the Penal Law against a second felony offender, where sentence for the first felony had been suspended. The People appeal from the order dated October 8, 1956 and from the judgment rendered October 22, 1956. Order dated October 8, 1956 and judgment rendered October 22, 1956 reversed on the law, and judgment rendered May 15, 1950 reinstated. The findings of fact below are affirmed. It is clear from the legislative history of section 470-b of the Code of Criminal Procedure, the language of the 1926 amendments to sections 1941, 1942 and 1943 of the Penal Law, and the legislative purpose as explained by the Joint Legislative Committee on the Co-ordination of Civil and Criminal Practice Acts (N. Y. Legis. Doc., 1926, No. 84, p. 22) which recommended the 1926 legislation, that the legislative intent was to permit the prosecuting authorities to proceed either by way of indictment, or by way of information after indictment, to increase the punishment with respect to a second felony offender, whether sentence had been imposed or suspended upon the first felony conviction. (See *People* v. *De Santis*, 305 N. Y. 44.) Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur. [3 Misc 2d 1032.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE WILLIAMS, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting appellant of possession of a picklock in violation of section 408 of the Penal Law. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO DI VITO, Appellant, against EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— Appeal from an order of the County Court, Dutchess County, dismissing a writ of habeas corpus and remanding appellant to custody. Appellant was convicted of two separate crimes and two indeterminate sentences were imposed thereunder to run consecutively. At the expiration of the minimum of one term he was paroled and began service of the second term. He claims that the time between completion of the minimum of the first sentence and its maximum continued to be satisfied concurrently with imprisonment under the other sentence. Order unanimously affirmed, without costs. On appellant's return as a parole violator he was subject to the jurisdiction of the Board of Parole until the expiration of the sum of the maximum of the two sentences (Penal Law, § 2190, subd. 3; cf. *People ex rel. La Pore* v. *Martin*, 263 App. Div. 764; *People ex rel. Seymour* v. *Branham*, 255 App. Div. 747). Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.