Hyman Babshay, J.
The defendant was convicted, on his oavu plea of guilty, of an attempt to commit the crime of robbery in the second degree. Thereafter, an information was filed against him alleging that he was previously convicted of a felony. Upon arraignment, having admitted that he was the same person mentioned in the information who had been previously convicted of the felony charged therein, he was adjudged a second felony offender and on February 21, 1955, he was sentenced to State prison for a term of not less than three years and nine months and not more than seven years and six months. He now moves to vacate that sentence and to be resentenced as a first felony offender on the ground that his prior felony conviction, having resulted in a suspended sentence all subsequent proceedings against him should have been by indictment and not by information (Code Crim. Pro., § 470-b). In support of his contention, he cites People v. Hunter (3 Misc 2d 1032). That decision sustained his view but the Appellate Division reAersed the loAver court (People v. Hunter, 3 A D 2d 926) holding that, “ It is clear from the legislative history of section 470-b of the Code of Criminal Procedure, the language of the 1926 amendments to sections 1941, 1942 and 1943 of the Penal Law, and the legislative purpose as explained by the Joint Legislative Committee on the Co-ordination of Civil and Criminal Practice Acts (N. Y. Legis. Doc., 1926, No. 84, p. 22) Avhich recommended the 1926 legislation, that the legislative intent was to permit the prosecuting authorities to proceed either by way of indictment, or by Avay of information after indictment, to increase the punishment Avith respect to a second felony offender, whether sentence had been imposed or suspended upon the first felony conviction. (See People v. De Santis, 305 N. Y. 44.) ”
In Kings County, defendants are never indicted as second or third felony offenders unless such prior felony convictions affected the degree of the crime charged in the indictment. It is interesting to note that at the last legislative session there was enacted into law section 275-b of the Code of Criminal Procedure (L. 1957, ch. 540) which reads as follows: “Indictment not to contain record of previous convictions. The indictment shall not allege that the defendant has previously leen convicted of any crime nor shall it set forth any record thereof, unless such prior conviction affects the degree *238 of crime charged in the indictment. This act shall take effect July first, nineteen hundred fifty-seven.” (Italics supplied.)
The court finds that this defendant was legally sentenced as a second felony offender. The motion for a resentence is denied. Let the District Attorney submit an order to that effect and serve a copy of it, on the defendant, together with notice of entry thereof, by mail, at the institution where he is presently confined.