Edgar F. Hazleton,
Surrogate and Acting County Judge. By way of writ of error coram, nobis, defendant seeks to have his sentence as a second felony offender set aside and be re-sentenced as a first offender.
In April, 1938, defendant, upon his plea of guilty to burglary in the third degree, received a suspended sentence. Again, on April 20, 1939, defendant plead guilty to the crime of burglary in the third degree. The District Attorney thereupon filed an information accusing defendant of a prior felony conviction, (the conviction for burglary third degree in 1938). The defendant admitted his identity, was adjudged by the court to be a second felony offender, and sentenced as such to not less than *716 10 years, nor more than 20 years in prison in each instance, sentences to run concurrently.
The question presented is whether or not one who has twice been convicted of felonies, but has received a suspended sentence upon the first or prior conviction, can be prosecuted as a second felony offender.
The People contend that the District Attorney could have proceeded either by way of indictment or by way of information, relying upon People v. De Santis (305 N. Y. 44, 48). However, a reading of the De Santis decision shows that the point then decided by the Court of Appeals was not at all similar to the question now under consideration. ‘ ‘ No opinion is an authority beyond the point actually decided ’ ’. This is an oft repeated declaration of our Court of Appeals. Therefore I do not consider the De Santis case to be controlling in this proceeding.
Nevertheless, it is clear from a reading of section 1943 of the Penal Law and section 470-b of the Code of Criminal Procedure and the recent memorandum decision of the Appellate Division, Second Department, made in People v. Hunter (3 A D 2d 926) that, under the circumstances of this case, the District Attorney could “ proceed either by way of indictment or by way of information after indictment to increase the punishment with respect to a second felony offender, whether sentence had been imposed or suspended upon the first felony conviction.”
The delay by this court in rendering a final decision upon this application was deliberate. I believed the wiser course to be to delay decision until our learned higher court had spoken in the Hunter case. I am satisfied that I pursued such course and might add that the decision in the Hunter case is the first answer that has been given to the precise question presented here and which I now decide.
The application of defendant is denied. Submit order.