■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BRANTON, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeal by the People from an order of the Supreme Court, Special Term, Clinton County, which sustained a writ of habeas corpus and directed relator's discharge from imprisonment. Relator was in 1951, in the County Court of Nassau County, convicted of burglary and sentenced as a second felony offender. The indictment included an allegation of the prior conviction. At the hearing on the return of the writ, relator testified that upon the trial the District Attorney, in opening to the jury, read the indictment and, further, that he, relator, testified at the trial and admitted the prior conviction. In 1952, the first felony conviction was vacated, the ground of that action not appearing in this record. Relator was thereafter resentenced as a first offender. In announcing its decision sustaining the writ, the court said, addressing relator, that the County Court " was without jurisdiction to resentence you as a first offender, after you had been convicted as a second offender " and said further: " I am particularly concerned about the fact that the information of your prior conviction was presented to the jury during the course of your trial. It now appears and is conceded by the State that the prior felony conviction was not a conviction ". That a defendant originally sentenced as a multiple offender may be resentenced, after the vacating of a prior conviction upon which the imposition of additional punishment was predicated, is not open to question. (*People ex rel. Sloane* v. *Lawes*, 255 N. Y. 112; *People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249.) We do not, however, construe the Special Term's decision as denying the general authority to resentence in such case. The Special Term was "particularly concerned" with the possible prejudice which ensued from the disclosure to the jury of the relator's previous conviction. Nevertheless, that conviction, whatever infirmity therein was later disclosed, was, at the time, properly pleaded and proven. (*People* v. *De Santis*, 305 N. Y. 44.) Its existence and disclosure, even though it was void *ab initio*, did not affect the substance of the later crime for which defendant was tried. Thus there can be no question of jurisdiction. It follows that the remedy of habeas corpus was improperly invoked. The Court of Appeals has in recent times reiterated the principle. Thus, in *Matter of Morhous* v. *New York Supreme Ct.* (293 N. Y. 131, 137–138), it was said: " We cannot agree with the conclusion that under the law and practice of this State, a person imprisoned under a final judgment of a court which had jurisdiction of the person and general jurisdiction to try the charge and which had not exceeded its jurisdiction, has ever been entitled to a writ of habeas corpus, though the judgment was obtained by fraud or deception or the trial was conducted in manner which failed to satisfy the constitutional requirement of

due process." (See, also, *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 366; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27, 36.) We may not, with propriety, indicate an opinion as to whether, in a proper proceeding, the facts would entitle relator to relief, as that question is for the court in which he was tried and sentenced. Order reversed, on the law and the facts; writ dismissed; and relator remanded to the custody of the Warden of Clinton Prison. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.