■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED POJE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered December 2, 1985, convicting him of operating a motor vehicle while under the influence of alcohol as a felony (two counts), and operating a motor vehicle with a revoked license, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The Trial Judge correctly ruled that CPL 200.60, which prohibits the admission of evidence of a prior conviction where the defendant admits to the prior conviction, did not apply to Vehicle and Traffic Law § 511 (former [2]). CPL 200.60 (1) only applies where "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade". While a prior conviction of certain enumerated offenses was necessary before a defendant could be charged with violating Vehicle and Traffic Law § 511 (former [2]), instead of Vehicle and Traffic Law § 511 (former [1]), both offenses were unclassified misdemeanors and therefore neither was a "higher grade" (CPL 200.60 [1]) than the other.

In addition, any prejudice to the defendant arising out of the introduction of the prior conviction was alleviated by the court's instructions to the jury concerning the limited purpose for which the evidence could be considered and by the fact that the jury was only advised that the "defendant was convicted of a violation of Section 1192, subdivision 2 of the Vehicle and Traffic Law". It was not advised that that section related to driving while intoxicated. Moreover, the defendant was given the opportunity during the voir dire to determine if the jurors knew what was meant by a violation of Vehicle and Traffic Law § 1192.

We find the defendant's contention that the sentence imposed was excessive to be without merit. This was the defendant's third conviction for driving while under the influence of alcohol, and the instant offense was committed less than two months after he was placed on probation upon his second conviction. Under these circumstances, a period of imprisonment was justified.

The defendant's remaining contentions are either without merit or unpreserved for review. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.