■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. MILLER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered June 5, 1987, upon a verdict convicting defendant of the crimes of operating a motor vehicle while under the influence of alcohol, as a felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant's car was discovered by Kenneth Switzer in a ditch off the road on the Tompkins County side of a highway separating that county from Schuyler County. The car was disabled and smoking. Switzer observed defendant either getting in or out of the vehicle when he arrived at the scene. Switzer was a part-time Deputy Sheriff in Schuyler County, subject to being called for duty by the Sheriff. He was not on duty when he encountered defendant. Switzer radioed his wife at home to report the accident to the Tompkins County Sheriff's office and stayed at the scene until the Deputies from that agency arrived. During that interval, Switzer and defendant engaged in general conversation. Switzer asked defendant what happened to which defendant replied, "I didn't see the stop sign and I lost it." Switzer told the first officer who arrived that he believed defendant had been the driver. He was asked by that officer to remain to assist in directing traffic if necessary until another officer got there. After questioning and observing defendant, a Tompkins County Deputy Sheriff arrested defendant for driving while intoxicated. Defendant did not repeat his admission of having driven the vehicle.

Defendant was subsequently indicted for driving while intoxicated, as a felony, because of a previous misdemeanor conviction for the same offense, and for aggravated unlicensed operation of a motor vehicle in the first degree, based upon the fact that the revocation of his license resulting from the prior driving while intoxicated conviction was still in effect

when this incident occurred *(see,* Vehicle and Traffic Law § 511).

Following arraignment, the District Attorney served defendant with a notice of intent to offer at trial a statement made by defendant, pursuant to CPL 710.30 (1), but the notice omitted any reference to defendant's admission to Switzer. The issue of the admissibility of defendant's statement to Switzer did not arise until after a trial on the charges had been commenced and County Court had granted a defense motion for a mistrial. Before retrial, the prosecution moved for permission to serve a notice of intent to offer defendant's admission to Switzer subsequent to the 15-day statutory period *(see,* CPL 710.30 [2]). The court granted the motion over defendant's objection and, after a suppression hearing, held that the statement was admissible. Defendant was convicted after trial and this appeal ensued.

We reverse. Defendant's admission to Switzer was "made by a defendant to a public servant" (CPL 710.30 [1]) and, therefore, the statutory notice was required to be given within 15 days after arraignment (CPL 710.30 [2]). The People failed to establish good cause for the failure to give timely notice. Accordingly, the reception of the statement into evidence was statutorily barred (CPL 710.30 [3]). Although there was evidence that Switzer was only on limited duty in the Schuyler County Sheriff's office, there is nothing in the record which would lead to any conclusion other than that, when he spoke to defendant, he was a duly appointed Deputy Sheriff. As such, he clearly met the broad statutory definition of a public servant, which includes, *inter alia,* not only "any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality", but also any person "who has been * * * designated *to become* a public servant" (Penal Law § 10.00 [15] [emphasis supplied]). Obviously, under this definition, the status of Switzer as a public servant was not removed because he was not officially on duty when the statement was made nor in the county where he was employed. Indeed, as a Deputy Sheriff, Switzer was a "police officer" (CPL 1.20 [34] [b]) and, as such, could have arrested defendant in Tompkins County without a warrant for the crime of driving while intoxicated (CPL 140.10 [1] [b]).

Regarding the prosecution's showing of good cause, it was conceded that there was awareness of defendant's statement to Switzer when the case was presented to the Grand Jury for indictment. Therefore, the only excuse proffered is one of misimpression that notice was unnecessary because Switzer

was off duty and not in the county of his employment when the statement was made to him. As previously discussed, however, the broadly inclusive statutory definition of public servant should at least have alerted the prosecution that a serious question as to Switzer's status existed, which should have been expeditiously raised and then resolved by the giving of timely notice to which defendant could have responded by a timely motion to suppress, as contemplated by the Criminal Procedure Law (see, People v O'Doherty, 70 NY2d 479, 488-489). The District Attorney's failure to give such notice was, therefore, a prosecutor's "office failure" which was, under the circumstances, insufficient to constitute good cause (see, People v Briggs, 38 NY2d 319, 324). Since defendant's admission to Switzer added strong support to the otherwise purely circumstantial evidence proving that defendant had been driving the car, its introduction into evidence cannot be considered harmless error. Accordingly, reversal and a new trial are required.

Since defendant is to be retried, we will address defendant's contention that he was further prejudiced by the prosecution's submission of evidence to the jury of his prior conviction of driving while intoxicated. This prior conviction, and the related license revocation, raised the grades of the present charges against defendant from a misdemeanor to a felony (see, Vehicle and Traffic Law §§ 511, 1192 [5]). Thus, CPL 200.60 and its special arraignment procedures applied to both counts of the indictment to determine what evidence, if any, of this prior conviction and revocation would be disclosed to the jury.

When defendant was arraigned on the special information pursuant to CPL 200.60 (3), he admitted the prior conviction of driving while intoxicated but stood mute in response to the allegation that the conviction resulted in the revocation of his driver's license. Thus, the only fact which remained in issue following the arraignment was defendant's awareness that the prior revocation was in effect at the time the present charges arose. The prosecution had to prove defendant's knowledge as an element of aggravated unlicensed operation of a motor vehicle in the first degree. However, at trial the prosecution introduced documentary evidence relating to the license revocation, consisting of, inter alia, a certificate of conviction, an order of suspension or revocation and an abstract of defendant's driving record, all of which made reference to the prior conviction of driving while intoxicated. This violated CPL 200.60 (3), which "bars reference to or submission of evidence concerning the actual previous conviction when the existence

of the conviction is admitted" by a defendant *(People v Koponen,* 129 AD2d 838, 839, *lv denied* 69 NY2d 1005). On retrial, should defendant again choose to admit the prior conviction but not the license revocation or his awareness thereof, the prosecution should submit its evidence to prove these elements in redacted form such that the nature of the prior conviction is not disclosed to the jury.

Judgment reversed, on the law, and matter remitted to the County Court of Tompkins County for a new trial. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.