■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY B. COOPER, Appellant.—Weiss, J.

During the evening of May 13, 1988, defendant and Lorie Ostrander were involved in a single-car motor vehicle accident in the Town of Sharon, Schoharie County, which resulted in the death of Ostrander. Defendant was indicted on seven counts charging him with operating a motor vehicle while under the influence of alcohol as a felony, aggravated unlicensed operation of a motor vehicle, reckless driving, criminally negligent homicide, vehicular manslaughter in the second degree, vehicular manslaughter in the first degree and manslaughter in the second degree. The prosecutor served notice pursuant to CPL 710.30 of his intent to offer evidence of an oral statement, attaching thereto a written statement made by State Police Investigator Robert Shufelt after an

interview with defendant while he was in the hospital. Shufelt had reduced defendant's oral statement to written form, but defendant refused to sign it. Defendant's motion to suppress his oral statement was denied after a hearing. Upon trial, defendant was convicted of vehicular manslaughter in the first degree and was sentenced to 5 to 15 years in prison. This appeal ensued.

Defendant contends that County Court erred in refusing to preclude those portions of defendant's oral statement which did not mirror the writing attached to the notice of intent *(see,* CPL 710.30). The writing stated that defendant was the driver and had consumed a six-pack of beer, and it outlined his actions prior to the accident. In his testimony, Shufelt related three items alleged to have been stated by defendant which were not specifically set forth in the notice, i.e., that when he saw rises in the road ahead he stepped on the gas, remembering that his father would do that when he was a child; that defendant indicated that he was traveling at a speed of 50 to 70 miles per hour when he went over the rise; and that at the conclusion of the interview, defendant indicated that he did not want to sign the statement as written by Shufelt because he was concerned about going to jail again for aggravated unlicensed operation of a motor vehicle. Defendant contends that these three remarks constitute additional statements necessarily requiring a CPL 710.30 notice not here present. We disagree.

The subject admissions are part and parcel of the single interview of defendant by Shufelt relevant to which the prosecutor timely served a CPL 710.30 notice with an attached resume containing the sum and substance of that interview. The statutory notice does not require a verbatim recitation of an oral statement *(People v Garrow,* 151 AD2d 877). Even where there are differences between the resume and the actual oral statement, the central function of the notice has been met if the defendant has been generally apprised of the statement and given the opportunity to challenge its admissibility *(People v Brooks,* 121 AD2d 392; *People v Bennett,* 80 AD2d 68, *affd* 56 NY2d 837).

Defendant next contends that it was error to admit an abstract of his driving record showing a conviction for operating a motor vehicle while under the influence of alcohol. Relying on CPL 200.60 (1), which provides that "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment

for such higher offense may not allege such previous conviction", defendant argues that any use of the conviction was barred if he admitted to the conviction. Defendant relies upon CPL 200.60 (3) (a), which states in part that "[i]f the defendant admits the previous conviction, that element of the offense charged in the indictment is deemed established, [and] no evidence in support thereof may be adduced by the people". Here, defendant admitted his prior conviction.

Defendant was convicted of vehicular manslaughter in the first degree, which is defined as follows:

"A person is guilty of vehicular manslaughter in the first degree when he:

"(1) commits the crime of vehicular manslaughter in the second degree as defined in section 125.12, and

"(2) commits such crime while knowing or having reason to know that his license or his privilege of operating a motor vehicle in the state or his privilege of obtaining a license issued by the commissioner of motor vehicles is suspended or revoked and such suspension or revocation is based upon either a refusal to submit to a chemical test pursuant to section eleven hundred ninety-four of the vehicle and traffic law or following a conviction for a violation of any of the provisions of section eleven hundred ninety-two of the vehicle and traffic law.

"Vehicular manslaughter in the first degree is a class C felony" (Penal Law § 125.13).

Under the facts of this case, the prior conviction for operating a motor vehicle while under the influence of alcohol is only a part of an element of the crime with which defendant was charged. To convict defendant of vehicular manslaughter in the first degree, the prosecutor had to prove that defendant was driving the vehicle knowing that his driver's license had been revoked because of his previous conviction for driving while under the influence of alcohol. Obviously, an indispensable ingredient of these facts was the very conviction itself without which the remaining elements could neither occur nor be proven. The application of CPL 200.60 to Penal Law § 125.13 would render it impossible to achieve a conviction where, as here, the defendant has admitted the conviction *but has not* admitted that the license revocation was based upon such conviction *(cf., People v Miller,* 142 AD2d 760, 762-763).*

---

* To the extent that *People v Miller* (142 AD2d 760) expressed a contrary view on this issue, we note that the discussion in *Miller* was dictim and we do not follow it in this case.

If the abstract of a defendant's driving record were redacted, eliminating therefrom the disclosure of the prior conviction and its nature, it becomes impossible to prove that revocation of the driver's license flowed from a conviction for operating a motor vehicle while under the influence of alcohol.

While CPL 200.60 serves a worthwhile purpose in proscribing use of a prior conviction to prove the propensity of a defendant to commit the charged crime, here the use of the conviction served solely as the predicate for proving the basis upon which defendant's license had been revoked and that he drove again fully aware of that revocation. County Court gave to the jury the appropriate cautionary charge relating the limited purpose of the conviction. This charge adequately served to dispel any prejudice to defendant (see, People v Poje, 129 AD2d 744).

Nor are we persuaded to agree with defendant's next contention that the conviction is against the weight of the evidence. On an appeal from a verdict of guilty, the evidence must be viewed in a light most favorable to the People and it must be presumed that the jury credited the People's witnesses (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Lyng, 154 AD2d 787; People v Scallero, 122 AD2d 350). Our review of the record shows that the evidence overwhelmingly supports the finding of guilt and provides no basis to believe that the jury failed to properly weigh the evidence (see, People v Bleakley, 69 NY2d 490, revg 125 AD2d 687).

Defendant's final contention, that the maximum sentence of 5 to 15 years in prison is excessive and an abuse of discretion, is unpersuasive. He has had repeated difficulties with the law, particularly with drinking and driving. Prior attempts at rehabilitation have been of no avail. It cannot be found that County Court abused its discretion (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.

