■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW M. MILLER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered July 5, 1989, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and operating a motor vehicle while under the influence of alcohol, as a felony.

Following the investigation of a one-car automobile accident

resulting in the death of Harold Porter, defendant was charged with seven counts of criminal activity related to his alleged use of the accident vehicle at approximately 10:20 P.M. on November 12, 1988 on Cotton Hill Road at Posson Hill Road in the Town of Middleburgh, Schoharie County. Defendant, whose driver's license had been revoked as a result of a prior conviction for driving while intoxicated, drove his girlfriend's 1970 Chevrolet automobile to the home of Porter of Cotton Hill Road where he and Porter consumed eight 12-ounce bottles of beer. Shortly before 10:00 P.M., Porter decided to replace an outside lightbulb. Defendant drove Porter to a nearby residence on Posson Hill Road to borrow a ladder. Defendant acknowledged that he had driven to the neighbor's home but testified that Porter was driving on the way back when the accident occurred. A blood test performed after the accident showed that defendant's blood alcohol content was .17%. In an oral and written statement to State Police Investigator Robert Shufelt made the following day, defendant admitted he was driving at the time of the accident.

County Court permitted the People to prove that defendant had previously been convicted of driving while intoxicated resulting in the revocation of his license, and his knowledge of that revocation. Over objections, the court charged in relation to the first and third counts of the indictment that the indictment included that portion of the trip from Porter's home to the neighbor's residence as well as the return portion of the trip from the neighbor's residence to the accident site. Defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree (count No. 3) and driving while intoxicated (count No. 1).

On this appeal, defendant first contends that the charge permitting the jury to consider that portion of the trip to the neighbor's residence was a material variance from the language of the indictment, arguing that it was a distinct trip, different in time and place from that charge in the indictment, and thus was in violation of NY Constitution, article I, § 6. We disagree. The two relevant counts, aggravated unlicensed operation of a motor vehicle (count No. 3) and driving while intoxicated (count No. 1), are both crimes of a continuing nature. The variance in time and location were not material and were, in fact, part and parcel of the same trip with the first portion occurring only minutes before the accident where Cotton Hill and Posson Roads intersect each other. The entire trip was clearly embraced within the indictment. The charge did not change the prosecution's theory of which

defendant was given fair notice, and neither surprised nor prejudiced defendant *(see, People v Grega,* 72 NY2d 489; *People v Clapper,* 123 AD2d 484, 485; *see also, People v Brown,* 151 AD2d 199, 204, *lv denied* 75 NY2d 768; *People v Boardman,* 150 AD2d 706, 707, *lv denied* 74 NY2d 805).

Defendant also argues that reversible error occurred during the prosecution's case-in-chief by the admission of proof of his prior conviction for driving while intoxicated resulting in his license revocation. He contends both the letter and spirit of CPL 200.60 prohibit the inclusion in an indictment, or proof on a trial, of a previous conviction which raised a charged offense from a lower to a higher grade and thereby became an element of the latter. Since a license revocation resulting from a driving while intoxicated conviction and defendant's awareness of the revocation are intrinsically involved with the aggravating element in three of the instant charges, strict adherence to CPL 200.60 would render it impossible to prove these elements without reference to the prior conviction. The reasoning in our recent decision in *People v Cooper* (158 AD2d 743), which is virtually identical to this case, supports our rejection of defendant's contention.

Defendant's final contention, that the 1-to-3-year sentence he received is harsh and excessive, is unpersuasive. His record of repeated drinking and driving charges negate the contention that County Court abused its sentencing discretion *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.