OPINION OF THE COURT
 

 Kaye, J.
 

 When a defendant’s prior conviction raises the grade of an offense, and thus becomes an element of the higher grade offense, the Criminal Procedure Law — reflecting a concern for potential prejudice and unfairness to the defendant in putting earlier convictions before the jury — specifies a procedure for alleging and proving the prior convictions (CPL 200.60). This appeal requires us to construe CPL 200.60 in the context of a
 
 *479
 
 prosecution for vehicular manslaughter in the first degree, where the element that raised the offense charged was not simply a prior conviction for a violation of Vehicle and Traffic Law § 1192 (Penal Law § 125.13 [2]) but defendant’s commission of the crime charged knowing that his license had been revoked following that conviction.
 

 We conclude that the letter and sense of CPL 200.60 required that the prescribed procedure for alleging and proving earlier convictions be followed for the entire enhancing element of vehicular manslaughter in the first degree as charged against defendant.
 

 I.
 

 Defendant was indicted on several counts in connection with an accident that resulted in the death of the passenger. The count charging defendant with first degree vehicular manslaughter alleged that defendant "committed said crime while knowing or having reason to know that his license or his privilege of operating a motor vehicle in the state or his privilege of obtaining a license issued by the commissioner of motor vehicles was revoked and such revocation was based upon a prior conviction for a violation of any of the provisions of section eleven hundred ninety-two of the vehicle and traffic law of the State of New York.” In addition to the indictment, the People filed a special information charging defendant with having been convicted, on July 8, 1987, of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3], [5]). Defendant was arraigned on the special information and admitted the conviction.
 

 The People took the position that CPL 200.60 did not prevent them from putting in evidence that defendant’s license revocation was due to his prior conviction. They argued successfully — over defendant’s objection — that the enhancing element raising the degree of the offense was not the prior conviction but the license revocation and defendant’s knowledge of the reason for that revocation. Defendant thus was not asked during his arraignment on the special information whether he knew that his prior conviction had led to revocation of his license.
 

 At trial, the People put before the jury an abstract of defendant’s driving record showing that he had been convicted of a violation of Vehicle and Traffic Law § 1192 and that his license had been revoked. Additionally, a State Trooper testi
 
 *480
 
 fled, based on the abstract, that defendant’s license had been revoked for a previous DWI conviction.
 

 The Trial Judge subsequently charged the jury that an element of the crime of vehicular manslaughter in the first degree was that "at the time he operated such vehicle, the Defendant knew or had reason to know that his driver’s license had been suspended or revoked and that such revocation was based upon a conviction for a violation of the provisions of 1192 of the Vehicle and Traffic Law.” The court further charged the jury that the abstract of defendant’s driving record established the prior conviction, but instructed them that the proof of that conviction "may not be considered by you as evidence in any respect that he was so impaired or intoxicated” on the date of the fatal accident.
 

 The jury returned a verdict of guilty, and the Appellate Division affirmed defendant’s conviction. While recognizing that defendant’s prior conviction was an "indispensable ingredient” of the higher grade offense, the Appellate Division noted that application of CPL 200.60 to the offense of first degree vehicular manslaughter "would render it impossible to achieve a conviction where, as here, the defendant has admitted the conviction but has not admitted that the license revocation was based upon such conviction.” (158 AD2d 743, 745.) We disagree, and therefore reverse the Appellate Division order and order a new trial.
 

 II.
 

 Though adopted in its present form m 1970, CPL 200.60 in fact has a long ancestry.
 

 It had been common practice in this State to set forth a defendant’s previous convictions in the indictment so that they could be proven before the jury in order to qualify the defendant for enhanced sentencing as a repeat offender. A 1926 statute permitted the District Attorney to file a special information charging a defendant with a prior conviction, but that statute applied only in the special situation where a defendant’s earlier conviction was unknown at the time of the indictment
 
 (People v De Santis,
 
 305 NY 44, 46-47,
 
 cert denied
 
 345 US 944; Preiser,
 
 Procedure for Establishing Previous Convictions for Purposes of Increased Punishment,
 
 1959 Report of NY Law Rev Commn, at 509).
 

 The practice of permitting recitation of previous convictions in indictments and proving them before the jury came under
 
 *481
 
 strong criticism. As Judge Fuld, dissenting in
 
 De Santis,
 
 observed: "Patently unfair, unquestionably prejudicial, the practice of charging a defendant as a prior felony offender in the indictment and permitting proof thereof at the trial, should be condemned and outlawed.” (305 NY, at 47.) Indeed, many District Attorneys, also recognizing the potential unfairness and prejudice, in 1957 supported legislation that became section 275-b of the Code of Criminal Procedure, abolishing the practice (Bill Jacket, L 1957, ch 540, at 8).
 

 The Legislature subsequently made several amendments to section 275-b. In 1959, the statute was amended to specify that a prior conviction could be set forth in the indictment when it was "an element of such crime.” (L 1959, ch 221.) A more significant amendment occurred in 1961, when the statute was changed to allow a defendant to admit or deny a prior conviction outside the jury’s presence, thus giving a defendant an option to determine whether the jury learned of the prior conviction (Bill Jacket, L 1961, ch 687, at 8-10, 17).
 

 The history of CPL 200.60 reflects the Legislature’s abiding concern that permitting a jury to learn of prior convictions without first offering a defendant the chance to exclude them jeopardized the right of fair trial. As the sponsor of the 1961 amendment noted, the practice of charging a prior conviction in an indictment and allowing proof of it before the jury "inevitably creates some prejudice against the defendant. While it is true that the court’s charge to the jury directs that it consider the previous conviction only as an element of proof of the instant indictment or count therein, such instructions, realistically, cannot be completely effective.” (1961 NY Legis Ann, at 44-45.)
 

 In its present form, CPL 200.60 retains the procedure adopted in 1961. A previous conviction that "raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter” may not be referred to in the indictment (CPL 200.60 [1]). Instead, it must be charged by special information filed at the same time as the indictment (CPL 200.60 [2]). An arraignment must be held on the special information outside the jury’s presence. If a defendant admits a previous conviction, "that element of the offense * * * is deemed established, no evidence in support thereof may be adduced by the people, and the court must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense.” (CPL
 
 *482
 
 200.60 [3] [a].) If, however, the defendant denies the previous conviction or remains silent, the People may prove that element before the jury as part of their case (CPL 200.60 [3] [b]).
 

 III.
 

 The history of the statute is simple and straightforward. The more difficult question is how CPL 200.60 bears on a prosecution for vehicular homicide in the first degree — a crime first created 15 years after the enactment of CPL 200.60— where the enhancing element is a prior conviction under Vehicle and Traffic Law § 1192
 
 plus additional facts concerning that conviction.
 
 Does CPL 200.60 apply at all? If so, does it apply solely to the conviction or also to the additional facts interwoven with the conviction?
 

 The People, the trial court and the Appellate Division apparently perceived that the statute was in some sense pertinent. The People filed a special information alleging defendant’s prior conviction, on which he was then arraigned; as the Appellate Division acknowledged, the prior conviction was an "indispensable ingredient” of the higher grade offense. Indeed, the element raising the crime of which defendant was convicted to first degree vehicular manslaughter (a class C felony) from second degree vehicular manslaughter (a class D felony) was that the offense took place while defendant knew that his license had been revoked and the revocation followed a previous conviction. Accordingly, this offense falls within the class of offenses to which CPL 200.60 is applicable.
 

 In practical operation, however, the procedure adopted by the People and the trial court gave no effect to the statute’s protective design.
 

 That a special information charging the prior conviction, and arraignment on that information, could not alone constitute compliance with the statute is evident from the facts before us. When he admitted the prior offense, defendant exercised the right explicitly given him by CPL 200.60 to keep all reference to his earlier conviction from the jury’s knowledge. Nonetheless, that conviction was paraded before the jury in documentary form, in oral testimony, and ultimately in the court’s charge. The special information and arraignment became an empty gesture the moment the trial began. Plainly, that procedure did not implement the directive of CPL 200.60.
 

 In a situation such as the one before us — where pleading and proving knowledge of a prior conviction necessarily re
 
 *483
 
 veals the conviction — the protection afforded by CPL 200.60 can be effectuated only by reading the statute to require resort to the special information procedure for all of the conviction-related facts that constitute the enhancing element.
 

 Proper application of CPL 200.60 required that defendant be given an opportunity to admit — outside the jury’s presence— the element that raised his crime in grade. That opportunity could have been afforded by a special information charging him with the prior conviction, the revocation of his license, and knowledge of the conviction and revocation. If defendant chose to admit those facts, no mention of them was necessary before the jury. If defendant denied all or any of those facts, the People could have proceeded with their proof, as the statute provides.
 

 In that the burden of proof at all times remains squarely on the People, such a procedure does nothing to relieve the prosecution of its obligation to prove charges beyond a reasonable doubt. The procedure instead affords a defendant the option to keep the jury from hearing about earlier convictions, an option the Legislature obviously believed promoted a fair trial.
 

 Defendant suggests that CPL 200.60 can be reconciled with Penal Law § 125.13 by treating an admission of a prior DWI conviction as an admission also of license revocation based on the conviction, and permitting the People to prove "only that the license was in fact revoked and the defendant’s knowledge of such revocation.” This suggestion, however, is at variance with the principle that the People must establish the requisite culpable mental state as to every element of an offense (Penal Law § 15.15 [1]). Applying that principle here, the People must prove not only that defendant knew that his license was revoked but also that he knew the revocation was the result of the prior conviction. While the People could not satisfy their burden in the fashion suggested by defendant, they could do so consistent with the objective of CPL 200.60 by utilizing the special information procedure to establish all of the conviction-related facts that make up the enhancing element.
 

 Finally, we find unpersuasive the People’s argument that the possibility of prejudice was eliminated by the trial court’s instruction that defendant’s prior conviction could not be used to establish he was driving under the influence of alcohol at the time of the fatal accident. As is evident in the history of section 200.60, a legislative determination has been made that
 
 *484
 
 such limiting instructions cannot be relied upon to eliminate the likelihood of prejudice resulting from a jury’s knowledge that the defendant is a repeat offender.
 

 IV.
 

 In that a new trial is ordered, we also consider defendant’s contention that portions of his oral statement to a State Police investigator were improperly admitted into evidence because the People failed to give adequate notice of their intent to use those portions of the statement (CPL 710.30 [1] [a]). The trial court found that a written version of the oral statement prepared by the investigator and provided to the defense when the People gave notice of their intent to use the oral statement was "substantially consistent” with the investigator’s testimony at the suppression hearing concerning the contents of the oral statement. The Appellate Division agreed that the oral statement and written version were "part and parcel of the single interview of defendant” by the investigator (158 AD2d 743, 744). As in
 
 People v Bennett
 
 (56 NY2d 837, 839), we conclude that there "being no basis in the record to disturb the conclusion of both courts below that the oral statement was substantially the same as the written one, we cannot say, as a matter of law, that the People failed to comply with the requirements of CPL 710.30.”
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, etc.