■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNETT R. SAWYER, Appellant.—Casey, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered February 13, 1991, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts), resisting arrest, aggravated unlicensed operation of a motor vehicle in the first degree and endangering the welfare of a child.

The primary issue on defendant's appeal is whether the decision of the Court of Appeals in *People v Cooper* (78 NY2d 476), which postdated defendant's conviction, requires reversal. In our view, such result is mandated inasmuch as the case must be decided in accordance with the state of the law at the time of the appeal *(see, People v Pepper,* 53 NY2d 213, 219-221, *cert denied* 454 US 967).

At the time of defendant's trial in reliance on our decisions in *People v Cooper* (158 AD2d 743, *revd* 78 NY2d 476) and *People v Miller* (163 AD2d 627, *lv denied* 76 NY2d 942), County Court, over defendant's objections and with limiting instructions to the jury, determined that the People could introduce evidence of defendant's prior conviction for driving while intoxicated, despite the provisions of CPL 200.60. Defendant's prior conviction was one of the elements that raised the crime in grade to aggravated unlicensed operation of a motor vehicle in the first degree *(see,* Vehicle and Traffic Law § 511 [2] [a] [iii]; [3] [a] [i]).

Based on this ruling, the prosecution discussed defendant's prior driving while intoxicated conviction during opening and summation and introduced documentary evidence regarding it. County Court's limiting instructions, while clearly stating that defendant's prior conviction could not be considered to convict him of the driving while intoxicated charges at issue, discussed the prior conviction and defendant's knowledge thereof as elements of the crime of aggravated unlicensed operation of a motor vehicle in the first degree. Defendant concedes that County Court acted properly based on our holdings in *People v Cooper* (158 AD2d 743, *supra)* and *People v Miller (supra).* However, when the Court of Appeals subsequently reversed our order in *People v Cooper* (78 NY2d 476,

*supra),* it stated: "Proper application of CPL 200.60 required that defendant be given an opportunity to admit—outside the jury's presence—the element that raised his crime in grade. That opportunity could have been afforded by a special information charging him with the prior conviction, the revocation of his license, and knowledge of the conviction and revocation. If defendant chose to admit those facts, no mention of them was necessary before the jury. If defendant denied all or any of those facts, the People could have proceeded with their proof as the statute provides" *(supra,* at 483).

The failure to follow this procedure mandated by the Court of Appeals was manifestly prejudicial to defendant because it showed him before the jury to be a repeat offender. County Court's limiting instructions were not sufficient to assure defendant's right to a fair trial *(see, supra,* at 484). Accordingly, all of defendant's convictions must be reversed and the matter remitted for a new trial.

One further matter warrants comment. The District Attorney failed to file a brief or otherwise indicate the People's position with respect to defendant's contentions despite repeated requests from the Clerk's office. We find this failure most regrettable and reiterate our view that District Attorneys are obligated by County Law § 700 (1) to file a brief setting forth their position with respect to a defendant's appeal *(see, People v Sinclair,* 28 AD2d 183; *see also, People v Wilson,* 96 AD2d 653, 654).

Weiss, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Schoharie County for a new trial.