■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD F. JOHNSON, Appellant. [620 NYS2d 21] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant contends that it was error for County Court and the prosecutor to have commented upon his admission to the prosecutor's special information pursuant to CPL 200.60. We agree. Although that error is unpreserved for review *(see,* CPL 470.05 [2]), we have considered it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]) and conclude that reversal is required. The failure to follow the procedure mandated by CPL 200.60 "was manifestly prejudicial to defendant because it showed him before the jury to be a repeat offender" *(People v Sawyer,* 188 AD2d 939, 940). Although the court instructed the jury that the prior conviction should not be considered on the issue whether defendant was operating a vehicle while intoxicated, "such limiting instructions cannot be relied upon to eliminate the likelihood of prejudice resulting from a jury's knowledge that the defendant is a repeat offender" *(People v Cooper,* 78 NY2d 476, 484). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony

Driving While Intoxicated.) Present—Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.