■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R. BOYLES, Appellant. [621 NYS2d 118] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered May 1, 1992, upon a verdict convicting defendant of the crime of aggravated unlicensed operation of a motor vehicle in the first degree and the traffic offenses of driving while ability impaired and operating a motor vehicle with one headlight.

On May 19, 1991, at approximately 1:51 A.M. on State Route 42 in the Village of Monticello, Sullivan County, Police Officers Joseph Cullen and Douglas Solomon of the Monticello Police Department stopped defendant's automobile because of a missing headlight. When defendant, who was alone in the vehicle, could not produce a license or the vehicle's registration, Solomon asked defendant to exit the vehicle. Solomon walked toward the front of the police car. The officers observed defendant walk very fast and rigid, almost robotic. They further observed that defendant's eyes were bloodshot, watery and glassy, that his face was flushed and blotchy, and that he had a strong odor of alcoholic beverage on his breath. He stated that he was coming from Shoprite supermarket and heading toward the Town of Fallsburg, Sullivan County. Defendant was administered a field sobriety test. Following the test defendant was arrested, placed in custody and transported to the police station. Defendant was read his *Miranda* warnings and also informed of the consequences of refusing to take a test to determine his blood alcohol content. Defendant refused to take the test stating, *inter alia,* that he would not pass it because he had five or six beers.

Defendant was indicted for the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree, and the traffic offense of operating a motor vehicle with one headlight. Both officers testified at defendant's jury trial. In addition, the prosecution introduced documentary evidence from the Department of Motor Vehicles showing that defendant's license had been revoked and that notice of the revocation had been sent to defendant. Defendant was convicted of the lesser included offense of driving while ability impaired, as well as the crime of aggravated unlicensed operation of a motor vehicle in the first degree and the traffic offense of operating a motor vehicle with one headlight. Defendant was sentenced to 1⅓ to 4 years' imprisonment for the aggravated unlicensed operation conviction, a concurrent 90-day sentence for the driving while ability impaired conviction and a conditional discharge for the conviction of driving a motor vehicle with one headlight. Defendant appeals.

Contrary to the provision of CPL 200.60 (1),[1] the second count of the indictment which charged aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]) improperly referred to defendant's 1990 conviction for driving while ability impaired. Under the circumstances of this case, one of the enhancing elements[2] which raises the misdemeanor of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]) to the felony of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) is proof that defendant knew or should have known that his license was suspended or revoked for a prior driving while ability impaired or driving while intoxicated conviction under Vehicle and Traffic Law § 1192 (see, Vehicle and Traffic Law § 511 [2] [a] [ii]; [3] [a]). The People were, therefore, required to utilize the special information procedure of CPL 200.60 (see, People v Cooper, 78 NY2d 476).

The People acknowledge that no special information under the second count of the indictment was ever filed. The People maintain, however, that defendant denied knowledge of the

1. Although defendant neither moved to dismiss the indictment nor objected to the wording of this count, we nevertheless exercise our discretion in the interest of justice to reach the issue (cf., People v Poladian, 167 AD2d 912, lv denied 77 NY2d 881).

2. The other enhancing element is operation of a motor vehicle while under the influence of alcohol or a drug in violation of any of the provisions of Vehicle and Traffic Law § 1192 (see, Vehicle and Traffic Law § 511 [3] [a]).

revocation allegedly resulting from the January 29, 1990 driving while ability impaired conviction before the jury learned of it and, therefore, argue that he was afforded the protection of CPL 200.60. We disagree. By alleging the January 29, 1990 driving while ability impaired conviction in the second count, the People signaled their intention to rely on this charge as the predicate for the revocation of defendant's license. Defendant countered by proffering a defense designed to show that the conviction resulted in a 90-day *judicial* suspension which had expired before he was stopped on May 19, 1991. The record shows that the People offered proof that the January 29, 1990 driving while ability impaired conviction was the predicate for a six-month *administrative* revocation of defendant's license dated February 27, 1990 (eff Jan. 29, 1990), which apparently superseded the judicial suspension.

Had the People properly charged defendant's January 29, 1990 driving while ability impaired conviction in a special information and alleged the additional conviction-related facts pertaining to the administrative revocation of his license, defendant, thus informed, may not have denied knowledge that his license had been revoked as a result of a prior conviction under Vehicle and Traffic Law § 1192. In this manner, defendant could have admitted the facts constituting the enhancing element of the second count without requiring the People to prove them, thereby "eliminat[ing] the likelihood of prejudice resulting from the jury's knowledge that [he was] a repeat offender" *(People v Cooper, supra,* at 484). To avoid this patent unfairness *(see, supra,* at 481), we reverse defendant's conviction for aggravated unlicensed operation of a motor vehicle in the first degree and dismiss the second count of the indictment. We do so without prejudice to the People's right to resubmit the charge to the Grand Jury.

Furthermore, we reverse defendant's conviction for driving while ability impaired because, based upon this record, we cannot characterize the jury's knowledge that defendant was a repeat offender as harmless error. Defendant must be accorded a new trial on that charge.

Because we are remitting this case for a new trial, we also address defendant's contention that County Court erred when it admitted into evidence his statement that he was coming from Shoprite and was on his way to Fallsburg because he was not given proper notice pursuant to CPL 710.30. That statement is significant because the officers apparently knew that Shoprite closed some two hours earlier. The People served two CPL 710.30 notices on defendant; one personally at

the time he was arrested and brought before the Monticello Justice Court and a second within 15 days of the arraignment in County Court. Only the earlier notice contained defendant's statement that he was coming from Shoprite. The central purpose of the statute is to "provid[e] a defendant with the opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him" at trial *(People v O'Doherty,* 70 NY2d 479, 488). Because the CPL 710.30 notice served at that arraignment in County Court failed to apprise defendant of the People's intention to use his statement that he was coming from Shoprite against him at the trial in that court, that statement should have been suppressed. Defendant was entitled to rely upon the contents of the subsequent CPL 710.30 notice to determine whether to move for suppression of any evidence specified therein before trial in County Court.

We find it unnecessary to reach defendant's remaining contentions.

Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice and on the law, by reversing (1) defendant's convictions for driving while ability impaired and aggravated unlicensed operation of a motor vehicle in the first degree, and (2) the order denying suppression of defendant's statement that he was returning from the Shoprite supermarket; motion to suppress said statement granted, second count of the indictment dismissed with leave to re-present, and matter remitted to the County Court of Sullivan County for a new trial on the first count of the indictment; and, as so modified, affirmed.