■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. WOODROW, Appellant. [622 NYS2d 351] —Mikoll, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered September 20, 1993, upon a verdict convicting defendant of the crime of driving while intoxicated.

Defendant was charged in a one-count indictment with driving while intoxicated, a felony, in violation of Vehicle and Traffic Law § 1192 (2). Defendant had been previously convicted of driving while intoxicated within 10 years and had waived his statutory right to have the prior conviction (which was charged in a separate information) proven at trial and admitted the conviction outside the presence of the jury (CPL 200.60). After trial, the jury returned a verdict finding him

guilty of the charge. County Court sentenced him to 365 days in jail and imposed a $500 fine plus a surcharge. This appeal ensued.

On appeal defendant argues that County Court committed reversible error when in its charge to the jury it described the crime as "a felony" even though defendant had admitted the prior conviction to keep the prejudicial information that he had a prior driving while intoxicated conviction from the jury. Defendant relies on *People v Cooper* (78 NY2d 476) and *People v Sawyer* (188 AD2d 939) as authority for his position. However, as the People argue, the *Cooper* and *Sawyer* cases are distinguishable from the instant situation. In those cases evidence of a prior conviction for driving while intoxicated was admitted at trial although the defendant had admitted the prior conviction pursuant to CPL 200.60. Here, there was no evidence of a prior conviction admitted into evidence nor even a mention of a prior conviction by the court. The use of the term felony here did not present a situation that "necessarily reveals the [prior] conviction" *(People v Cooper, supra,* at 482-483). Defendant's claim that the jury would know from the term felony that defendant had a prior driving while intoxicated conviction is mere conjecture and speculation on defendant's part. The term felony as used by County Court cannot be said to be so prejudicial as to rise to the level of reversible error *(see, e.g., People v Koponen,* 129 AD2d 838, 839, *lv denied* 69 NY2d 1005).

Defendant's next argument that the evidence was not sufficient to support the verdict of guilty is without merit. It is conceded that defendant was intoxicated at the time. Defendant, however, argues that there was insufficient evidence that he was the driver of the vehicle based on the testimony of defendant's two passengers that he was not the driver. This view overlooks the eyewitness testimony of the arresting officer who stated that he saw defendant driving the automobile. His testimony cannot be said to be incredible as a matter of law and the judgment should be affirmed *(see, People v Contes,* 60 NY2d 620, 621; *see also, People v Althorne,* 155 AD2d 604, *lv denied* 75 NY2d 767, 773).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.