OPINION OF THE COURT
Abbey L. Boklan, J.
Defendant, Michael Orlen, moves this court for an order: (1) dismissing the second count of the instant indictment, which charges a violation of Vehicle and Traffic Law § 511 (3) — aggravated unlicensed operation of a motor vehicle in the first degree (a class E felony) — on the grounds that "the Indictment is legally defective and prejudicial to the Defendant”; and (2) dismissing the second count of the indictment "because the evidence presented to the Grand Jury was so prejudicial that the Indictment cannot be sustained for legal sufficiency”.
The indictment count in question reads as follows:
"second count
"and the grand jury of the county of NASSAU, by this indictment, further accuses the defendant of the crime of aggravated UNLICENSED OPERATION OF A MOTOR VEHICLE IN THE first degree in violation of Section 511-3 of the Vehicle & Traffic Law of the State of New York, committed as follows:
"The defendant, michael orlen, on or about the 8th day of February, 1996, in the County of Nassau, State of New York, operated a motor vehicle upon a public highway while knowing or having reason to know that his license or privilege of operating a motor vehicle in this state or his privilege of obtaining a license issued by the commissioner was suspended or revoked on April 17, 1989, and the suspension or revocation was based upon a refusal to submit to a chemical test pursuant to section eleven hundred ninety-four of the Vehicle and Traffic Law, and the defendant was operating the motor vehicle while under the influence of alcohol or drugs in violation of subdivision one, two, three, four or five of Section Eleven Hundred and Ninety Two of the Vehicle and Traffic Law of the State of New York.” (Emphasis supplied.) (See, Vehicle and Traffic Law § 511 [3] [a] [i]; [2] [a] [ii]; [1] [a].)
Essentially, the defendant contends that the above-emphasized portion of the second count’s factual allegations violates both the letter and spirit of CPL 200.60 ("Indictment; allegations of previous convictions prohibited”), as interpreted by the Court *739 of Appeals (Kaye, J.) in People v Cooper (78 NY2d 476 [1991]). More specifically, the defendant argues that, by this language, the jury at trial "will have knowledge that the Defendant has a prior DWI arrest, in the very least, because of his refusal to submit to a chemical test * * * pursuant to Section 1194 of the Vehicle and Traffic Law”. This, the defendant argues, is "[p]atantly [sic] unfair, unquestionably prejudicial” and precisely the evil CPL 200.60 was designed to outlaw. (See, People v De Santis, 305 NY 44, 47-48 [Fuld, J., dissenting], cert denied 345 US 944.) Further, by the defendant’s reckoning, the relatively recent Court of Appeals decision in People v Cooper (supra) is expansive enough to encompass this defendant’s alleged refusal to take a Vehicle and Traffic Law § 1194 chemical test as one of several "conviction-related facts”. (See, People v Cooper, supra, at 483.) Therefore, the defendant suggests, the People’s failure to include the allegedly offending phrase in the special information previously filed herein renders the indictment count "legally defective” and subject to dismissal. (See, CPL 210.20 [1] [a]; 210.25 [1]; 200.70 [2].) Finally, the defendant argues that presenting evidence of the defendant’s alleged refusal to take a chemical test pursuant to Vehicle and Traffic Law § 1194 to the Grand Jury at the same time as the panel was considering the other "evidence and facts of this case” created a prejudice which rendered the entire proceeding defective, thus warranting a dismissal of the second count if not the entire indictment. (See, CPL 210.20 [1] [c]; 210.35 [5].)
The People, through the affirmation of Assistant District Attorney Francesann DiPietro, vigorously oppose the defendant’s motion. Fundamentally, the People’s position is that the special information procedure adopted by CPL 200.60, even as expansively interpreted by the Court of Appeals in People v Cooper (supra), applies only to a particular defendant’s prior convictions and to those circumstances used as enhancing elements which are directly related to or result from the fact of such previous convictions. (See, People v Cooper, supra, at 482.) The People assert that the alleged license revocation at issue here is not "conviction related”, but rather is a revocation based upon an administrative proceeding involving the Commissioner of Motor Vehicles, which revocation would remain in effect regardless of whether or not the defendant was ultimately convicted. "A defendant is not entitled to plead to a special information regarding [an] administrative proceeding; i.e., non-conviction related facts * * * A defendant is only afforded the protection of § 200.60 CPL for conviction related *740 facts and not for [an] administrative ruling not founded upon that conviction.” (Affirmation of Francesann DiPietro, Esq., dated Oct. 10, 1996.) Thus, the People argue, indictment count 2 is not defective; there has been no violation of either CPL 200.60 or the mandate of People v Cooper (supra).
In the alternative, the People move to amend indictment count 2 and the special information previously filed herein, essentially seeking to move the allegedly offensive factual allegation from the indictment to the special information. (See, CPL 200.70 [1].)
The court has reviewed and considered the defendant’s notice of motion and the affirmation in support thereof by Peter Panaro, Esq., both dated September 12, 1996; the affirmation in opposition and cross motion by Assistant District Attorney Francesann DiPietro, dated October 10, 1996; and the defendant’s reply affirmation (by Peter Panaro, Esq.), dated October 21, 1996. (CPLR 2219 [a].) Based upon that review and consideration, the court finds as follows.
By its plain terms, CPL 200.60 establishes a special information procedure to be utilized where "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter”. (CPL 200.60 [1].) In People v Cooper (supra), the Court of Appeals extended the reach of the section to cover those situations where the enhancing element of the higher grade offense is not the prior conviction itself, but rather a fact related to the prior conviction. (People v Cooper, supra, at 482-483; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 200.60, at 510.) Through Cooper, the Court of Appeals clearly expresses its view that the statute is intended to be "protective”, by providing a defendant with an opportunity to shield himself from "the likelihood of prejudice resulting from a [trial] jury’s knowledge that the defendant is a repeat offender”, a likelihood which "limiting instructions cannot be relied upon to eliminate”. (People v Cooper, supra, at 484.) Moreover, the Court expressed its further view that, in any given set of factual circumstances, the practical operation of the statute’s procedural mandates must give effect to the statute’s protective purpose. (Supra, at 482.)
In the instant matter, it appears that on October 2, 1989, the defendant was sentenced for driving while ability impaired, relating to an incident occurring on October 2, 1988. The defendant’s license and/or privileges were suspended due to *741 this conviction. On that same date, the defendant was also sentenced for driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3), for an incident occurring on April 2, 1989. The defendant’s license and/or privileges were revoked due to this conviction. However, prior to the October 2, 1989 imposition of those sentences, on April 17,1989, the defendant’s license and/or privileges were also administratively revoked for his refusal to submit to a chemical test of his breath relative to the incident which had occurred on April 2, 1989 (one of the drunk driving incidents for which the defendant was ultimately convicted and sentenced on October 2, 1989).
Based upon this factual scenario, it appears to this court that the particular revocation at issue here should be deemed to be a "conviction-related fact”. Although the particular revocation did not eventuate as a direct result of the defendant’s conviction, it certainly did arise out of an incident for which the defendant was ultimately convicted. (Cf., People v Boyles, 210 AD2d 732, 734 [3d Dept 1994].) Certain distinctions which might validly be drawn between judicial and administrative revocations and/or suspensions are neither apposite nor dis-positive here given the particular factual circumstances of this case. (See, People v Boyles, supra, at 734; People v Fisher, 165 Misc 2d 650, 651 [Nassau Dist Ct 1995] ["once a license is revoked, the status remains as 'revoked’ until the Department of Motor Vehicles (DMV) issues a valid license”].) Moreover, a defendant’s refusal to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194 creates an inference and is demonstrative of a consciousness of guilt on the defendant’s part. (See, People v Rundblad, 154 AD2d 746 [3d Dept 1989]; People v Selsmeyer, 128 AD2d 922 [3d Dept 1987]; cf., People v MacDonald, 227 AD2d 672 [3d Dept 1996]; People v Coludro, 166 Misc 2d 662 [Crim Ct, Kings County 1995]; Vehicle and Traffic Law § 1194 [2] [f].) It appears to this court that it is to this type of inherent inferential prejudice that CPL 200.60, as interpreted by the Court of Appeals in Cooper (supra), is addressed.
Based upon the foregoing, this court concludes that the conviction-related facts pertaining to the administrative revocation of the defendant’s license should properly have been charged in the special information previously filed herein. (CPL 200.60; People v Cooper, supra; People v Boyles, supra.)
However, in this case, the appropriate remedy for the People’s failure to have done so is not a dismissal of either count 2 or the entire indictment. The procedural protection *742 provided by CPL 200.60 is intended to afford a defendant "an opportunity to admit — outside the [trial] jury’s presence — the element that raised his crime in grade.” (People v Cooper, supra, at 483 [emphasis added].) The special information procedure is intended only to afford a defendant "the option to keep the [trial] jury from hearing about earlier convictions [and conviction-related facts], an option the Legislature obviously believed promoted a fair trial.” (Supra, at 483 [emphasis added]; see also, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.60, at 510.) Here, the defendant has not yet been arraigned upon the special information in its present form nor has a trial jury been empaneled to consider his case. To permit the amendment of the instant indictment and the special information herein in order to afford the defendant his opportunity to prevent the trial jury from hearing and considering evidence on the factual allegation he finds offensive would not either adversely impact the defendant’s trial preparation nor change the theory of the prosecution’s case. (CPL 200.70 [1]; 210.25 [1]; People v Brockway, 202 AD2d 1015 [4th Dept 1994], lv denied 83 NY2d 964; compare, People v Sayavong, 151 Misc 2d 504, 506 [Yates County Ct 1991].) In a proper case, there is "no infirmity in the prosecutor’s later amendment of the special information to conform to the holding of People v Cooper (78 NY2d 476, 483), transferring from the indictment to the special information all facts to be established through proof of the prior conviction.” (People v Brockway, supra.) In this case, amendment (not dismissal) is clearly the appropriate remedy.
Finally, there is no basis for dismissing the indictment herein. As previously determined by this court, the evidence presented to the Grand Jury was legally sufficient to support both counts of the instant indictment. Moreover, the evidence presented to the panel was not so prejudicial as to impair the integrity of either the Grand Jury proceeding or its findings. (See, People v Baez, 118 AD2d 863 [2d Dept 1986], lv denied 68 NY2d 665; People v Keller, 214 AD2d 825, 826 [3d Dept 1995]; People v Adorno, 216 AD2d 686, 687 [3d Dept 1995]; CPL 200.60 [4].)
Based upon the foregoing, the defendant’s application to dismiss the second count of the instant indictment is denied. The People’s cross motion to amend the second count of the indictment and further to amend the special information herein, so as to transfer from the indictment to the special information the factual references to the defendant’s license hav *743 ing been suspended or revoked on April 17, 1989 based upon his refusal to submit to a chemical test pursuant to Vehicle and Traffic Law § 1194, is granted. The defendant’s further application to dismiss the entire indictment for want of legally sufficient evidence, based upon the alleged presentation of prejudicial matter to the Grand Jury thereby impairing the integrity of the Grand Jury’s proceedings, is in all respects denied.