◼ The People of the State of New York, Respondent, v Robert E. Nielsen, Appellant. [684 NYS2d 880] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered April 19, 1996, as amended May 6, 1996, convicting him of driving while intoxicated as a felony, failing to keep right, and crossing over a double line, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the evidence presented at trial was legally insufficient to support his conviction of driving while intoxicated because the People failed to establish the element of intoxication. That contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient evidence beyond a reasonable doubt to establish that the defendant operated a motor vehicle while intoxicated in violation of Vehicle and Traffic Law § 1192 (*see, People v Sawinski,* 246 AD2d 689, 691; *People v Kane,* 240 AD2d 516). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the court's single reference to driving while intoxicated as a felony during the jury charge constituted reversible error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Santiago,* 52 NY2d 865; *People v Amato,* 238 AD2d 432), and, in any event, is without merit (*see, People v Woodrow,* 212 AD2d 834; *cf., People v Cooper,* 78 NY2d 476), particularly given the court's prompt curative instruction to the jury.

The court's *Sandoval* ruling did not constitute an improvident exercise of discretion (*see, People v Ardila,* 202 AD2d 514, *affd* 85 NY2d 846; *People v McAleavey,* 159 AD2d 646). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.