■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS TRAMMELL, Appellant. [716 NYS2d 234] —Judgment unanimously affirmed. Memorandum: Defendant was indicted for robbery in the first degree (Penal Law § 160.15 [1]), assault in the second degree (Penal Law § 120.05 [6]) and grand larceny in the fourth degree (Penal Law § 155.30 [5]). After defendant's arraignment, the People served a notice pursuant to CPL 710.30 of their intention to offer evidence of a written statement obtained from defendant by the police and "[e]vidence of oral statement(s) made by the defendant, to a public servant." Defendant's written statement and the investigation report detailing the oral statements resulted from a single interview by one investigator and were attached to the notice. Contained in the investigation report but not in the written statement was a statement of defendant identifying the race of the victim.

At the hearing on defendant's motion to suppress the statements, the investigator failed to testify concerning defendant's statement, set forth in the investigation report, identifying the race of the victim. At trial, however, the investigator testified concerning that statement. Defense counsel objected to that testimony on the ground that it was outside the scope of the suppression hearing. County Court sustained the objection and struck the testimony from the record but denied defense counsel's motion for a mistrial. The court instructed the jury to disregard the testimony. The jury convicted defendant of all charges.

Defendant contends that the court erred in denying his motion for a mistrial. We disagree. All of the statements attached to the CPL 710.30 notice were " 'part and parcel of the single interview of defendant' by the investigator" (*People v Cooper,*

78 NY2d 476, 484), and defendant does not contend on appeal that the court erred in concluding that the statements resulting from that interview were voluntarily made (*see generally, People v Witherspoon*, 66 NY2d 973, 974; *People v Anderson*, 42 NY2d 35, 38-39; *People v Huntley*, 15 NY2d 72, 78). We conclude, therefore, that the statement was admissible and thus, a fortiori, a mistrial was not warranted. (Appeal from Judgment of Monroe County Court, Smith, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.