■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KORAN MCDONALD, Appellant. [937 NYS2d 184]—

Defendant did not preserve his claim that the court should have given the jury full statutory definitions of the terms "deprive" and "appropriate" set forth in subdivisions (3) and (4) of Penal Law § 155.00, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. The concept that a deprivation or appropriation must be intended to be permanent or virtually permanent is an essential part of the definition of larcenous intent (see People v Medina, 18 NY3d 98, 105 [2011]). Nevertheless, any error in omitting the full definitions was harmless in light of the evidence and issues at trial.

Defendant and an accomplice entered a store, placed numerous video games in their backpacks, went past cash registers and approached the exit. In addition, defendant was equipped with tools suited to foiling store security devices. At the time the larceny was complete (see People v Olivo, 52 NY2d 309, 318 [1981]), defendant clearly intended to remove the video games from the store permanently. There was no reasonable view of the evidence that defendant only intended a temporary taking. Moreover, defendant, who pursued other lines of defense not at issue on appeal, made no such argument at trial. There was evidence that, after the taking was complete, defendant attempted to abandon the larcenous enterprise when he realized he would not be able to escape with the property. However, this had no bearing on defendant's intent, at the time of the taking, to permanently acquire the video games.

Accordingly, there was no reasonable possibility that the lack of full definitions of deprive and appropriate had any effect on the verdict. For similar reasons, we reject defendant's claim that his counsel rendered ineffective assistance by failing to request these instructions. Regardless of whether counsel should have made the requests, the omission could not have caused defendant any prejudice (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668, 694 [1984]).

The court properly denied defendant's motion to preclude his

postarrest written statement, made on the ground of allegedly insufficient notice under CPL 710.30 (1) (a). The notice supplied by the People was a short summary of the written statement. This notice essentially conveyed the incriminating content of the statement, and it gave defendant enough information to identify the statement and challenge its admissibility by way of a motion to suppress (*see People v Lopez*, 84 NY2d 425, 428 [1994]; *People v Cooper*, 158 AD2d 743, 744 [1990], *revd on other grounds* 78 NY2d 476 [1991]). In any event, any error with respect to the statement is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.