People v Peterson (2021 NY Slip Op 02081)





People v Peterson


2021 NY Slip Op 02081


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Ind No. 2884/17 2884/17 Appeal No. 13478 Case No. 2019-4122 

[*1]The People of the State of New York, Respondent,
v
Trilroy Peterson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 4, 2018, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of minor inconsistencies in testimony. The weight of the evidence supported the element of larcenous intent (see id. at 349). The jury could have reasonably inferred that at the time defendant and his codefendant took a backpack from a sleeping subway passenger, they intended to permanently deprive the owner of the backpack (see Penal Law § 155.00), even though they abandoned it after looking through it (see People v Ramos, 12 AD3d 316, 317 [1st Dept 2004], lv denied 4 NY3d 767 [2005]; see also People v McDonald, 91 AD3d 515, 516 [1st Dept 2012], lv denied 19 NY3d 964 [2012]).
The court correctly declined to charge the lesser included offense of attempted grand larceny in the fourth degree. There was no reasonable view of the evidence, viewed most favorably to defendant, that he committed the lesser offense but not the greater. Although the taking was brief, there was a completed larceny (see People v Olivo, 52 NY2d 309, 317-319 [1981]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021