People v White (2025 NY Slip Op 00922)

People v White

2025 NY Slip Op 00922

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Ind. No. 2884/17 Appeal No. 3693 Case No. 2019-3675 

[*1]The People of the State of New York, Respondent,
v
Dashawn White, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Jody Ratner of counsel), and Dechert LLP, New York (Peter McGinley of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Mandelbaum, J.), rendered May 4, 2018, as amended August 3, 2018, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]). As we concluded on a codefendant's appeal raising the same issue, the weight of the evidence supported the element of larcenous intent (see People v Peterson, 193 AD3d 431, 432 [1st Dept 2021], lv denied 37 NY3d 959 [2021]). The jury could have reasonably inferred that at the time that defendant and his codefendant took a backpack from a sleeping subway passenger, they intended to permanently deprive the owner of the backpack (see Penal Law § 155.00), even though they subsequently abandoned it after looking through it (see People v Ramos, 12 AD3d 316, 317 [1st Dept 2004], lv denied 4 NY3d 767 [2005]; see also People v McDonald, 91 AD3d 515, 516 [1st Dept 2012], lv denied 19 NY3d 964 [2012]).
The weight of the evidence also supported the taking element. Defendant's act of removing the victim's backpack from between his knees while he slept was sufficient to establish a taking, because defendant thereby exercised dominion and control over the victim's property, however temporary, in a manner that was inconsistent with the victim's ownership (see People v Hardy, 26 NY3d 245, 250 [2015]). Thus, although defendant abandoned the backpack, the taking was complete as soon as defendant exercised dominion and control over the backpack by moving it (id.).
As we determined on codefendant's appeal, the court correctly declined to charge the lesser included offense of attempted grand larceny in the fourth degree (Peterson, 193 AD3d at 432). There was no reasonable view of the evidence, viewed in the light most favorable to defendant, that he committed the lesser offense but not the greater where the evidence established a completed larceny.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025